Argued cases this morning which have been consolidated into two groups of two each. And the first group is 15-1841 and 15-842. In Re NuVasive, Inc. Mr. Rezat. Thank you very much, Your Honor, and may it please the Court. There are three issues that I'm primarily going to address here. Briefly, I'll identify them. Claim construction for the term lateral transverse approach to the spine. Irrationality combined for the board's obviousness combination. And then finally, the board's failure to properly consider NuVasive's objective and issue of non-obviousness. With the Court's permission, I'd like to start with the lateral transverse path claim construction issue, which is particularly relevant to the 767 patent here, which is one of the two patents. In your opening brief, you said that lateral describes a direct lateral approach. And then you seem to give that up in your reply brief. You say that's not what we're contending. And I'm not sure what you are contending. Could you look at the figure that you have at page 42 of your opening brief? Yes. Would lateral be anything between 90 and 45 degrees? Well, lateral, Your Honor, would – this is the point here. And this is sort of the trap that the board has fallen into. Lateral is from the side of the patient, is direct lateral. But try to answer my question. Do you agree that lateral would be within 90 to 45 degrees? As long as it's approaching from the patient's side. I'm not sure there's a particular number. What the experts have testified about is that lateral is from the side. It is generally about – Well, I'm trying to figure out what that means in terms – there's all sorts of testimony referring this to a clock and, you know, 8 to 10. What I'm asking is lateral 90 to 45 degrees. It's certainly about the 90 degrees. I'm not sure it goes as far as 90. But I'm not – to be honest, Your Honor, I'm not sure that's necessary to reach to exclude the open chain reference, which is the reference that's being applied here. I understand the question. And this is something the board clearly struggled with. They wanted a bright line rule in terms of where the clock stops. But, you know, that's just not the way those of ordinary skill in the art viewed this subject matter at the time. They talked about a lateral approach being from – these surgeries were referred to based on the anatomical aspect of the patient from which they approached the body, as well as some of the access. Why would 90 to 45 degrees be the broadest reasonable interpretation of lateral? Even if 90 to 45 were the broadest reasonable interpretation, which, again, this is a hypothetical, obviously, because all we need is the side of the patient. But even if that's the case, there's no indication that open chain falls within the scope of that. Well, that's puzzling to me because if you look at open chain, for example, figure 8 of open chain, let's see, figure out where that is. Where do I find open chain in the – There's a figure reproduced in the opening brief. I can find that for you. If you look at figure 8 on 797, this is his preferred approach, right? Yes. And what he's talking about, the label 12 is where he's accessing the spine, right? Yes. That's the channel, right? So in his alternative approach, he moves that conduit down so that it goes through part of the sorus muscle, right? Yes. And that would seem to be within 45 degrees, isn't it? Well, he doesn't say. I mean, he doesn't say it's at 45. But I'm just asking you from looking at it, that's within 45 degrees, isn't it, if he goes through part of the sorus muscle? If this figure were to be taken to scale, if that were moved, it would look about the 45-degree angle. But that's – I would submit that that is not the way people look at this in the art. The way people look at this in the art is looking at what type of procedure open chain is describing. They're very explicitly describing the procedure as an anterior abdominal puncture. Well, he describes it in the patent as lateral. Well, he describes – in the abstract, he's referring to approaching an anterior aspect of the body at lines – column 1, lines 37 through 40, when introducing the procedure, he's introducing it as an anterior approach to the spine, right? Surgical – Yes, that's his preferred approach. But then he says in column 6 at line 27, I guess, he says, alternatively, where the patient has extensive abdominal adhesions, it may be preferred to use a lateral puncture of the abdomen, that is, to get to the spine, right? Lateral – the relevant question, though, is lateral to what? But lateral to get to the spine, right? Lateral to the midline. So there's a point of reference. But he's trying – he's using a lateral puncture to get to the spine, right? He is getting to the spine, correct. Right. So? So – but from what angle, from what aspect of the patient, and how is he getting there? Again, the open chain technique is introduced and described very explicitly as an anterior method or anterior abdominal approach. Well, except for the alternative. No, I would say that's not true, Your Honor. In that alternative, what he's saying is ideally place the puncture about the midline. The midline is the – as you're no doubt aware, the imaginary plane dividing the left half of the body from the right half. The preferred puncture is about the midline. If there's abdominal adhesions, he's saying move it to the left or right of that. In any event and under any circumstances, open chain is always placing its puncture in the anterior abdominal region. Always. Did the board – the board never even had to address that, right? I don't believe they addressed it. They certainly didn't dispute it. They addressed it to the extent of saying even if that's true, and then they went back to claim construction and say your claims don't limit it to lateral. So I guess what I'm trying to understand is even if we agreed with you that the construction that the board used was too broad, where does that leave us? Wouldn't we have to remand because there was never a full development of an alternative construction? Well, I 100% agree. A minimum remand is necessary here because this is something we mentioned in the briefing. This whole construction came up for the first time in a final written decision. There was an agreed upon construction between the parties. That lateral was an approach from the side. So in that sense, the board coming up with a brand new construction on their own for the first time in a final written decision presents some APA and notice opportunity to respond issues. That being said, even with that construction, I agree. There was at best some vague indication that they weren't disputing the characterization of open chain. Now Medtronic never disputed the characterization of open chain. The board seemed to softly concede is one reading, but there's no clear fact finding one way or the other. What's the matter with the board's construction, lateral to any degree? Because it's based on a completely irrelevant piece of evidence. Their evidence is Dr. Open Chain, Newvasive's witness, testimony where he was very explicitly referring to the relative placement of his anterior abdominal puncture. What do you understand their construction to be? What do I understand it to be? Anything lateral to the midline plane to any degree. That's what they say in bold. Is that the 45 degree construction that I was asking about earlier? Under the board's construction, it would include a one degree. A one degree of the anterior? I don't understand why you're saying that. That doesn't seem to me to make sense. I agree it doesn't make sense. What's your evidence that that was how they're using it? Their construction says that a, well, let me turn to the phone or decision. I think it's a, so two places. So A9 and 10 is where they discuss construction. A9 is where they, sorry, A9, they identify the agreed upon construction between parties, that there is a construction advanced by Medtronic and unopposed. Then they move through that and pivot to Dr. Obenchain's testimony at the top of A10 and then conclude that a lateral trans psoas path to the spine, I'm reading the first full paragraph, encompasses a path to the lumbar spine which passes through any portion of the psoas muscle, regardless of the portion, degree, or extent of passage through the psoas, and this is the key part, which is lateral to any degree compared to an anterior puncture. That doesn't suggest that one degree from the anterior is lateral. Taken in context with what they say later in the decision, they refer to, they switch the term anterior puncture with about the midline. Very clearly in the context of Claim 1, and we, yeah, and this is at A26, for example, right at the bottom, where they say in contrast as petitioner contends as discussed above, Claim 1 of the 7.6 patent is not limited to the particular approach used in the XLIF procedure, but instead encompasses any psoas traversing approach that is lateral to the midline to any degree. Well, I don't quite understand your basis for interpreting that as saying that one degree off the anterior would be lateral. One degree off the midline. They're saying lateral to the midline to any degree. What do you understand the midline to be? The midline is the imaginary plane that, it's an imaginary anatomical plane that divides the left half of the body from the right side of the body. Look at your figure 45 and just help me here. You're saying that one degree off the posterior would be lateral under their interpretation? Yes, under their interpretation, lateral to any degree relative to the midline. That's how broad the construction is. I don't read it that way, but that's another question. I mean, I would have thought they were saying that anything between 90 and 45 was lateral to any degree. I didn't find that anywhere in the final written decision, Your Honor. The two things that I mentioned are the two very clear comments on the construction, and the one on 826 seems to be the clearest indication of what they're talking about. And the basis, if you think back to their basis for saying this, it even further clarifies that this is precisely what they mean. Again, they're referring to Dr. Robenstein's testimony about his patent, where the patent is talking about placing a puncture along the midline, and if they're scarring, moving it to the left or right of that. Can I ask, what are the words that you use or would like the Board to adopt as a better claim construction for lateral trans, what is it, psoas? Trans psoas. Psoas approach. If the Board adopts the construction that was advanced by Medtronic and unopposed throughout the entire procedure, that is a lateral approach is one that approaches the spine from the patient's side of the body or the lateral aspect of the body, that is a construction that is reasonable to use. So you would not build into the construction any reference to what portion of the psoas needs to be traversed. That's not necessary for the 767 patent case, certainly. The way that's conventional to refer to surgical approaches in the art and the way it's used in the specification is to refer to a surgical procedure on the basis of the anatomical aspect of the patient from which it approaches. Anterior approaches are from the front. Posterior surgical approaches are from the back, lateral or from the side. Open chain is an anterior procedure. We're claiming a lateral procedure. There's no way that an anterior, things that are defined as being different. So if the Board were to adopt a construction that said from the patient's side, that's what we mean by lateral, then in applying that construction to column 5 in open chain, you would explain what about that sentence that begins alternatively about why that doesn't teach that. Well, it would be the same thing as saying Judge Serrano is sitting lateral to Judge Dyke and then asserting that a lateral surgical approach should then be defined as a surgical approach lateral to Judge Dyke. That doesn't make any sense because it's a completely different context. Let me just try to explain better what I was trying to separate. Let's assume now the Board said claim construction. Lateral means from the patient's side. Okay, now we have to apply that claim construction to the prior art. I read that sentence in column 5 that begins alternatively in open chain and it says a lateral approach. Why is that? What would be your answer to that? My answer is this. Elsewhere throughout the entire open chain reference, they're describing the procedure as an anterior surgical approach to the spine, and I can give multiple instances. That's all true, but that's not the alternative. His preferred approach is anterior, but he says alternatively you can do it laterally. He uses the same word that your patent uses. But lateral to what? I would say the correct interpretation of the reference is in every instance, every single instance, preferred, unpreferred, medium preferred, every instance of open chain, it is an anterior approach to the spine. What you're saying is that lateral as used in your patent in the 767 is different than lateral as used by open chain in that context. Absolutely. There are different contexts and there are different points of reference. In the context of the patent and the conventional usage of the term when referring to a surgical approach, the point of reference is the anatomical aspects of the patient's body, the side of the body, the front of the body, the back of the body. In the context of open chain, their point of reference is place the puncture here about the midline. If that's not available, move to the left or right of that. In every instance, the left or right is always an anterior approach through the abdominal wall, and that's stated expressly. It's even stated in Column 5 talking about the abdominal approach. Which is his preferred approach. It's not directly posterior or anterior, whichever it is, posterior. It's anterior. The picture is upside down. It's still an anterior abdominal approach. Anterior abdominal does not require just a zero degree angle. It's from the front of the patient through the abdominal region. Every instance of open chain is an anterior abdominal procedure without variation. Okay. Well, you're used up your time. We'll give you two minutes for rebuttal. For rebuttal? Yes. Thank you. Raven? Morning. May it please the court. The board's construction of lateral transverse paths was the reasonable broadest interpretation. And it does say to any degree. You say it at 10, at 26. It does say to any degree, but I don't think the board was meaning that one degree. All the testimony was talking about degrees in bigger chunks and the 7 o'clock, 8 o'clock, 9 o'clock. But it doesn't say that though. It says regardless of the portion, extent of passage visage, it says which is lateral to any degree as compared to an anterior posture. That's correct. And the board took that from open chain's testimony, talking about what lateral would mean. Lateral is anything that's basically lateral to an anterior puncture. That was his testimony. The board relied on it. It was talking about his patent, but there's nothing in the record that suggests that lumbar surgery was discussed differently. I mean, all of these are lumbar spine surgeries. I'm trying to understand, as I guess Judge O'Malley has also, what do you understand the board's claim construction to mean? If you look at page 42 of the blue brief, if they meant to include 11 o'clock, that seems to me to be questionable. On the other hand, if they were saying 90 to 45, is lateral, that would seem to be a reasonable construction. But I don't think that 11 o'clock or 11 to 30 is a reasonable construction of lateral. I agree. So part of the construction also requires it going through the trans-psoas muscle. And if you look again at figure eight of over chain, which is the preferred degree, that is also lateral any degree. That's a different question. I mean, you know, I had hip surgery, and the doctor said I can go in laterally, I can go in anteriorly. And if he goes in this way, it might be slightly that way or slightly this way, but this is lateral. So forget about whether you traverse the trans-psoas muscle. Address whether it's lateral. And under this construction, it appears that it could be this way, slightly one degree or the other, and still under your construction be considered lateral. I have two responses to that, and I think one does depend on figure eight, because when the board is looking at trans-psoas is also part of that, it's lateral trans-psoas, and you can't be just one degree to the midline and go through the trans-psoas. Is 11-30 lateral in the board's construction? I would say no, because I think based on all the testimony about the lateral approach that Overchain was using was a 7 o'clock, 8 o'clock approach, using the clock rather than degrees. And so the evidence before the board was talking in these bigger chunks of approaches, and that is what the board was trying to get at with any degree. Any degree includes what we were talking about. That wasn't what the party stipulated to as the construction, correct? And that was used throughout the proceeding, including the institution decision, right? So Medtronic's construction was, their expert's testimony was that direct lateral was through the side of the patient, not just lateral. So I'm not sure actually if there was an agreement between the parties on what that meant. The Medtronic's expert limited side to direct lateral. That's not what Medtronic's brief said, and it's not how the board quoted it. They've given up on direct lateral now in the reply brief. Well, I'm not, I guess I'm still a little confused if they have, because there's other parts of the brief and in other of the appeals where they say they define lateral as direct lateral. So to the degree that they've given it up, and they don't mean direct lateral, the board's construction and to the degree they've given up, Overton teaches going lateral in the way that's not just direct lateral. It seemed the board didn't limit it, didn't seem it was limited to direct. But the lateral to any degree is something that never showed up until the final written decision, right? I believe that's correct. The board, looking to the specification, didn't find a definition of lateral in the specification. Lateral and far lateral, posterior lateral, all these different terms were used. And I think what's important is in every case where they want to be subjective by the lateral, when they say lateral, it means broadly lateral. And that is what the Obernchain reference teaches. I have difficulty in saying that the broadest reasonable interpretation of lateral includes anything other than 90 to 45 degrees in this example. Why am I wrong about that? It doesn't seem to me that it could include one degree off the posterior or at 11 o'clock. It includes, if you talk in clock terms, 9 to 1030. Or I assume 730. Yes. And the board didn't use those words, and I can't put those words in the board's decision. But that was what the testimony that Oberchain was giving was that when he was doing his approach, including the approach that went through the lateral, it's also not just one degree off the midline. But it's pretty close to the midline. I mean, he was not. The way he was describing it is that sometimes you can't go straight in, so you have to broaden it out because you might have to bypass something or there might be some nerve or some other thing that you might hit. And so you go slightly. You move slightly. But it is not a lateral surgery, lateral approach to the patient's body. Well, his alternative approach does say that he's avoiding the abdomen and the approach is lateral. And there's no limitation on that of anterior or lateral or that it's not. I mean, I think his preferred embodiments are off the midline, and that's what Figure 8 shows. You take that one sentence as saying I'm avoiding the abdomen altogether? I'm not sure. It says it's a distended abdomen. You need to avoid it, and the approach is through the trans-psoas muscle. It's a lateral approach. And the board read it as it doesn't appear to be limited to anterior. It doesn't say avoiding the abdomen. It says use a lateral puncture of the abdomen to avoid bowel perforation. Does he elsewhere talk about distended abdomen and avoiding it? Yeah, so I believe it was my understanding that if there's an extended abdomen, it might be preferred to use a lateral puncture. It goes on, you know, the entry into the disc space is lateral. I'm sorry, where are you reading from? I'm reading from 801. What column? It's column 6. You may not all be using the same appendix. I'm using the 1841 appendix. So if you're using a different appendix, it will have a different site. Is this a patent with column numbers? It's a patent. It's the 9-6-2 patent, the Obertrain 9-6-2 patent. In the 1841 appendix, it's on page 801. What lines of column 6? It starts, the alternatively starts at line 27, and it goes through 32. And the last part of that, starting at 30, is talking about the entry into the disc space is lateral. Right, but Judge Dyke just read that it says it may be to use a lateral puncture of the abdomen to avoid bowel perforation. Right, and entry into the disc space is lateral. Yeah, but he's still going through the abdomen. I mean, that may be a lateral puncture, but he's going through the abdomen. If you look at his figure 8. Well, figure 8 I don't think is, I think what everyone believes is not that alternative. No, that's the preferred. That's the preferred. He must be suggesting that it be more to the left than it is in figure 8. Right. That would go through the transoas. And that, in his deposition testimony, was he had 7 o'clock and 8 o'clock approaches, and those approaches did go, or some of them went through, would have gone through the transoas. If you look at figure 8, which is the preferred embodiment, when you're talking about lateral going through the transoas, it isn't any degree off the midline. It's got to be referring to the 8 o'clock approach, which is lateral in the general. Can I ask you this? Does either this Openshine patent or the record tell us about usage, either in this patent or more generally, about the meaning of abdomen? Does the abdomen go all the way around to the sides? I'm not aware of anything in the record that answers that question. We've been talking about this because here's what I'm focusing on. This alternatively sentence says you're going to actually do a lateral approach through the abdomen. If the abdomen stops here, you've just excluded lateral from the side that misses the abdomen. If the abdomen goes all the way around, then you haven't. I don't think there's anything in the record that answers that question. Isn't the distinction here that you can enter one's body from the front but still enter the spine somewhat laterally? That's different from entering the body laterally. It says it's a lateral approach to the disk space. I don't know how much the instruments then can curve around. It seems that everyone's sort of been accepting this as into the body. Overchain's testimony was he's doing 8 o'clock on the body. Is there cannulas going over each other? Not in Overchain. His is minimally invasive surgery, but it's not the dilated cannulas that are claimed in the 7667 patent. It appears to be a straight line. They look like straight lines. There's no testimony that's gone to the difference between entering the disk space laterally versus the patient laterally. They seem to be considered the same. I didn't get Overchain's testimony to be saying it was the same. I thought that he actually drew the distinction. Let's see. In his testimony, he talks about... Isn't that the problem here, that there is a dispute as to whether they're the same? I thought it was the dispute about whether because he was missing the trans, that he was only going through the anterior trans psoas, it wasn't direct lateral. He wasn't going through the main body of the psoas muscle, and therefore the Overchain didn't teach the lateral trans psoas approach that they're claiming. They are saying their construction is not direct lateral, but I'm not sure how much more lateral their definition of coming through the side really gives them since it seems that the testimony, Medtronic's expert's testimony, that coming in from the side, direct lateral approach was coming in from the patient's side. So to the extent they're saying it's coming in from the side, that seems to be the direct lateral approach. To the extent they're trying to say that there's some sort of difference in lateral from the body versus lateral to the disk space, I'm not exactly sure what testimony supports that. In Overchain's deposition, he did say that he was coming in... He called it an anterior lateral approach, 7 o'clock or 8 o'clock, and that that sometimes transverse portions of the psoas muscle in that approach. I think that's what he's talking... He's calling it anterior lateral, but there's no limitation in his patent that it's not lateral, that it's a degree of anterior. He's saying it's lateral. The board read it as not limited. The reference doesn't say anything but lateral. Can I ask you, do you make anything of the line in column 7, lines 8 to 9? Sorry, where? Column 7, lines 8 to 9, page 802, I think, of the 1841 appendix. Sorry, column 7 and... Lines 8 to 9. The incision is preferably made below the epigastric and hypochondriac regions of the abdomen and is preferably lateral, that is, to the right or left of the abdominal midline. Does that suggest that lateral there means anything off the midline? I mean, this wasn't relied on in the board. In this context, it once again shows, as I think all the testimony shows, is that lateral is used broadly to include any degree when 7 o'clock, 8 o'clock off the midline encompasses lateral. And when you want to be specific about what lateral you mean, you say something like anterior. But I wonder if that doesn't suggest that in the context of the 962, that open shine, lateral means something that might not be covered by what it means in the context of the 767. A question we really don't have board analysis of, because it didn't say anything to confine the meaning of lateral as a matter of claim construction in the 767. Right, it didn't. It relied on open change testimony that it was any degree off the midline was basically lateral. And there's no testimony or difference in that anyone in spine, doing spine surgery to the lumbar spine, construed laterally, posterior lateral, and all those differently for the different approaches. I see my time is up, so if there's no more questions. Okay, thank you, Ms. Fritz. Mr. Reza, I have two minutes. How many minutes do you want to give? Two. Thank you. I'll be brief, and I want to directly address a few things. So, excuse me, I just want to correct a reflection of the record when it comes to a statement Ms. Craven mentioned about all of the testimony suggesting that lateral is broad. I respectfully disagree with that. None of the testimony suggests that lateral approach to the spine is broad. The relevant testimony is all indicating that in the context of referring to a type of surgery, lateral means from the side, anterior means from the front, posterior is from the back. The specification, which should be the first stop in any of this analysis, divides the world into three sections, lateral, anterior, and posterior. Even his preferred approach is not exactly a posterior, anterior approach. It's an anterior approach. It is an anterior approach. But it's off the midline, right? True. The front of the body is not limited just to the midline. As Judge O'Malley points out, there's somewhat of a cone, if you will, but there's the front of the body. Now, this issue of where exactly the bright line, as I started the discussion with, is not necessary to resolve the issue in dispute. The issue in dispute is, does the anterior approach of Obenchain, wherever they place their puncture in their anterior approach, does that qualify as an approach from the side of the body? And the answer is unequivocally no. And there is no dispute anywhere in the record about Obenchain being an anterior approach. It says it explicitly in the reference multiple times. It's always talking about the abdominal wall. Even in the one snippet of testimony that the board relies on, he very explicitly states his context being an anterior abdominal puncture, or I think he says in the context of an abdominal puncture. So all of the testimony is indicating that nothing other than what we already know, and that is in the context of when the term lateral is referring to a type of surgery, it's referring to the aspect of the patient the surgery approaches from. When it's referring to a point of reference... I think Mr. Rosato, we're well over our time. Thank you very much, Your Honor. Thank you. All right.